USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X

DIALUCK CORPORATION,

        Plaintiff,

  -against-                             06 Civ. 2623 (KMW)(KNF)

GULAYLAR GROUP,                      ORDER

        Defendant.
--------------------------------------------X

WOOD, U.S.D.J.:

    Plaintiff filed this action on April 17, 2006, seeking to recover money for diamonds it sold to Defendant in the summer of 2005. On August 1, 2006, Plaintiff moved for default judgment against Defendant. By report and recommendation dated January 18, 2007 (the "Report"), Magistrate Judge Kevin Nathaniel Fox recommended that the Court (1) deny Plaintiff's motion for default judgment, and (2) dismiss the Complaint, in order to give the parties the opportunity to litigate their dispute in New York state court - the forum they agreed to in their initial contract.

    The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), in conjunction with Federal Rule of Civil Procedure 6, they had ten days from service of the Report to file any objections. The Report also informed the parties of their opportunity to request an extension of time to file such objections. The Report explicitly cautioned that failure to file timely objections would preclude appellate review.

No objections have been filed, and the time to object has expired. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993). The Second Circuit has "adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989). The Supreme Court has also upheld this practice, "at least when the parties receive clear notice of the consequences of their failure to object." Id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

The Court has reviewed the Report and finds it to be well-reasoned and free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Court, therefore, accepts and adopts the Report. The Court denies Plaintiff's motion for default judgment and dismisses the Complaint.

The Clerk of the Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated:   New York, New York
         April 4, 2007

                                    _____
                                    Kimba M. Wood
                                    United States District Judge